IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROGER D. CAMPBELL                                                                          PETITIONER

V.                                        No.  3:12-CV-03125

STATE OF ARKANSAS                                                                       RESPONDENT

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus Petitions (ECF No. 1) filed September 25, 2012 under 28 U.S.C. §2254.  No service has been authorized and the Petition is subject to be dismissed without prejudice

**I.  Background**

The Petitioner filed the current petition on September 25, 2012 claiming Ineffective Assistance of Counsel (ECF No. 1, p. 5) in various cases.  The Petitioner has listed five cases in Boone County and two cases in Newton County.

   The cases in Boone County are as follows:
      2010-243    Hot Checks
      2011-124    Forgery 2nd Degree; Theft of Property
      2011-174    Possession of Methamphetamine
      2011-175    Possession of Methamphetamine; Poss of Drug Paraphernalia
      2012-160    Fleeing

   The cases in Newton County are as follows:
      2011-29     Forgery in the 1st Degree
      2012-10     Forgery; Theft of Property; Theft by Receiving

The Court has obtained the Docket Sheets from the clerks office which reflects that all cases are currently pending before the named Circuit Courts. (See Exhibit A).  The docket sheets

reflect that an Order for a Mental Evaluation was entered on August 21, 2012 and August 22, 2012 respectively. (Id.). The criminal cases are stayed pending the mental evaluation. The Petition acknowledges that his cases are pending in his Petition. (ECF No. 1, p. 13).

## II.  Discussion

Section 2254 of Title 28 of the U.S. Code permits a prisoner in state custody, "pursuant to the judgment of a State court", to petition a federal court for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S .C. § 2254(a) (2000)

The Petitioner is not in custody pursuant to the judgment of a state court but is in custody pending trial on numerous charges.  Even, assuming the Petitioner is convicted, he must first exhaust all of his state court remedies by appealing his conviction to the Arkansas Court of Appeals.

It is well established that "[t]o be eligible for federal habeas corpus relief, a state prisoner must first exhaust his state law remedies and fairly present the facts and substance of his habeas claim to the state court." *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir.2007)  (quoting *Middleton v. Roper*, 455 F.3d 838, 855 (8th Cir.2006)); see also *Baldwin*, 541 U.S. at 29. This requires that the factual and legal bases for the federal habeas claim be presented to the state courts before the federal habeas court may consider the merits of the claim. *King v. Kemna*, 266 F.3d 816, 821–22 (8th Cir.2001).

Assuming the Arkansas Court of Appeal were to affirm his various convictions he would then have to file a Rule 37 Petition in the state trial court to allege his various claims of IAC.

## III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2254 be **DISMISSED WITHOUT PREJUDICE**.

**The Petitioner has fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The Petitioner is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this September 27, 2012

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE